In the Matter of the Accounting of HENRY C. ACKERMAN, as General Guardian, etc.

*Court of Appeals, October 8, 1889.*

Affirming 41 Hun, 638, Mem.

*Appeal.   Finding of fact.*—The correctness of the findings of a surrogate affirmed by the general term, when the case is not wholly without evidence to support them, cannot be questioned in the court of appeals.

Appeal from a judgment of the general term, affirming a decree of the surrogate on settlement of the accounts of a general guardian.

In the accounts, the guardian charged his ward with moneys paid for her board.    The surrogate found that nothing, in fact, was ever paid by the guardian for board.

The ward lived in the family of her stepfather, who was the father of the guardian.

*T. W. Collins* for appellant.

*J. W. Dunwell,* for respondent.

PARKER, J.—The contention of the appellant that Charles S. Ackerman rested under no legal obligation to maintain

his stepdaughter, Prudence L. York, cannot be gainsaid. Williams *v.* Hutchinson, 3 N. Y. 312. Neither can it be questioned but that the general guardian had the legal right to have contracted with the stepfather for the support and maintenance of his ward, and that such reasonable sum as should have been in good faith paid for that purpose would have been allowed upon the final judicial settlement of the accounts of the general guardian. Hill *v.* Hanford, 11 Hun, 536.

But that rule cannot be made available to the appellant for a reversal in this case.

The question before the surrogate's court for adjudication was the account of Henry C. Ackerman as general guardian of Prudence L. York. The proposition which that court was obliged to pass upon was: To what extent had the guardian within the bounds of his duty expended the funds held in trust by him? He claimed to have laid out a portion of the money each year for clothing, books, etc., and to have paid the residue coming into his hands for board.

As to his claim for board, it was insisted on the part of the ward, *first :* that the guardian ought not to be allowed for moneys paid her stepfather for board because, as alleged, it was agreed that nothing should be charged, and also because she rendered services equal in value to that of her board, and *second :* that the general guardian had not paid or agreed to pay for her board.

Had the trial court found payment by the guardian to the stepfather, as claimed, but refused to allow the item because of the objection first raised, there might have been presented a question calling for the application of the legal rules insisted upon by the appellant. The contest, however, resulted in a finding of fact by the court that "nothing in fact was ever paid by said guardian for her board in said families or either of them," and also "that said guardian made the following expenditures and no other for his said ward from from year to year."

The list of expenditures referred to as constituting a part of the finding did not contain an item for board. These findings were affirmed by the general term, and as the case is not wholly without evidence to support them, their correctness cannot be questioned here. Hewlett *et al. v.* Elmer, 103 N. Y. 156; 3 N. Y. State Rep. 1.

Standing then unchallenged as such findings of fact of necessity do, in this court, there remains no basis upon which to question the decree founded thereon.

The judgment appealed from should be affirmed, with costs.

All concur, except BRADLEY and HAIGHT, JJ., not sitting, and VANN, J., not voting.